UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES OLIVEIRA          :
                        :
    v.                  :   C.A. No. 11-024ML
                        :
ASHBEL T. WALL          :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court for a report and recommendation is the State of Rhode Island's Motion to Dismiss this habeas corpus Petition brought under 28 U.S.C. § 2254. (Document No. 8). Petitioner James Oliveira objects. (Document No. 13). For the reasons discussed below, I recommend that the State's Motion to Dismiss be GRANTED.

**Background**

By way of background, Petitioner is a twice-convicted child molester. Petitioner's first case was tried in 1988 and he was convicted of first- and second-degree child molestation of his then-girlfriend's daughter in 1984. State v. Oliveira, 576 A.2d 111, 112 (1990). Petitioner was sentenced to thirty years to serve. Id. In 1990, the Rhode Island Supreme Court overturned the convictions and ordered a new trial because Petitioner's Sixth Amendment rights of confrontation and effective cross-examination were infringed when he was denied the opportunity to question the alleged victim about prior sexual assault accusations. Id. at 113. Subsequently, Petitioner pled nolo to an amended charge and was sentenced to two years to serve.

Petitioner's second case was tried in 2006. See State v. Oliveira, 961 A.2d 299, 306 (2008). He was convicted of one count of first-degree child molestation of his grandson and sentenced to forty years to serve. Id. In 2008, the Rhode Island Supreme Court overturned this conviction and ordered a new trial because Petitioner's Sixth Amendment right to counsel was infringed when a statement Petitioner gave to a child protective investigator was used against him at trial. Id. at 309.[1] The Supreme Court, however, rejected Petitioner's claim that his Sixth Amendment right to a speedy trial was violated despite the passage of twenty-five months between the filing of charges and trial. Id. at 317-318.

**Discussion**

Petitioner's conviction was vacated over twenty-eight months ago and he has not yet been retried. Petitioner alleges "repeated denial of speedy trial" as grounds for relief in this habeas corpus Petition. It appears that Petitioner has been continuously incarcerated since his arrest in August 2004. In its Motion to Dismiss, the State argues that "principles of comity and federalism (to say nothing of complete exhaustion of state court remedies) require abstention from deciding pre-conviction habeas challenges" such as this. (Document No. 8 at p. 2). It also argues that Petitioner has presented no "extraordinary circumstances" that would justify pre-conviction review. Id. at 3. Petitioner asserts that the delay has resulted in irreparable harm and surmises that the State is "purposefully delaying" his retrial for strategic reasons. (Document No. 13 at pp. 1, 3).

---

[1] Although the Supreme Court concluded that the case against Petitioner was "strong" without admission of the challenged statement and included compelling DNA evidence swabbed from the victim and matched to Petitioner, it declined to find harmless error because of the "graphic and inflammatory" nature of the incriminating statement. State v. Oliveira, 961 A.2d at 306, 313.

Because this is a pretrial habeas corpus petition, it is technically governed by 28 U.S.C. § 2241 and not 28 U.S.C. § 2254. Reed v. Caulfield, 734 F. Supp. 2d 23, 24 (D.D.C. 2010) (citing Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) ("Pre-trial petitions...are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [them].")). However, the doctrines of federalism and comity generally dictate that a federal court should abstain from exercising pre-trial habeas corpus review "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson, 816 F.2d at 225. See also Younger v. Harris, 401 U.S. 37 (1971) (holding that abstention is required where a petitioner who is defending criminal charges in an ongoing state court proceeding sought to have the federal court enjoin such proceeding).

Here, it is undisputed that Petitioner has not exhausted his state court remedies as to his constitutional speedy trial challenge. As noted, Petitioner is awaiting retrial and thus may file a pretrial motion(s) with the Superior Court seeking a speedy trial or to dismiss for failure to receive a speedy trial. In fact, the docket in Petitioner's state criminal case reflects that he, or his attorney, has filed motions for speedy trial, for prompt trial on indictment, to dismiss indictment or discharge, to set bail and to assign for trial. (Document Nos. 1-2 and 8-2). Also, if convicted, Petitioner can assert his speedy trial claim on direct appeal and, if unsuccessful on direct appeal, in a post-conviction petition for relief. Thus, both the principles of abstention and

exhaustion require that this Court not interfere with the State's ongoing and pending criminal prosecution of Petitioner and decline to entertain his pre-conviction habeas corpus petition.

Further, "while pretrial habeas relief is not generally available, pretrial habeas actions claiming a violation of petitioner's speedy trial right have been permitted where petitioner seeks an immediate trial rather than dismissal of the charges against him." Levesque v. New Hampshire, No. 11-cv-42-PB, 2011 WL 1362471 at *3 (D.N.H. April 11, 2011) (citing In re Justices of the Super. Ct. Dep't of the Mass. Trial Court, 218 F.3d 11, 17 n.5 (1st Cir. 2000)); see also Childress v. Booker, No. 2:10-CV-11554, 2010 WL 2011506 at *2 (E.D. Mich. May 17, 2010), and Pruitt v. Ohio, No. 1:10cv313, 2010 WL 2607246 at *2 (S.D. Ohio May 19, 2010). In this case, Petitioner does not seek an order compelling an immediate or speedy trial. Rather, he exclusively seeks the following relief in his Petition:

> Immediate Release from Custody; Expungement of Aquitted Charge by Jury trial; Expungement of D.N.A. evidence used in conjunction of Aquitted Charge; Dismissal of State's Case and Impose or Set the use of Double Jeopardy to prevent further Prosecution of this Charge in the future, pursuant to State's failure to Prosecute.

(Document No. 1 at p. 16). Thus, his pretrial habeas corpus Petition solely seeking release and dismissal is not properly before this Court.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss this habeas corpus Petition based on abstention and failure to exhaust state remedies (Document No. 8) be GRANTED and that Final Judgment enter dismissing this premature habeas corpus Petition without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); Local Rule Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 12, 2011